IDA F. CROW, PLAINTIFF, *v.* THE GREENWICH INSUR-
ANCE COMPANY, DEFENDANT.

*Fire insurance — two policies issued to the owner at the same time, one only payable
to the mortgagee, with a mortgagee and contribution clause — its effect upon
contribution.*

Ida F. Crow brought an action against an insurance company to recover for a loss
upon a policy for $750, payable to her as mortgagee of the insured property, the
owner and insurer of which was Madeline S. Roome. Upon the same day on
which this $750 policy was issued Roome had taken out as owner another policy
upon the same premises in the same company for $1,250; the issuing of the
two policies constituting, in fact, one transaction.

The $750 policy in suit was the New York standard policy, containing the usual
mortgagee clause and a clause relative to contribution, which was as follows:
"In case of any other insurance upon the within-described property this com-
pany shall not be liable under this policy for a greater proportion of any loss or
damage sustained than the sum hereby insured bears to the whole amount
of insurance upon said property issued to or held by any party or parties
having an insurable interest therein, whether as owner, mortgagee or otherwise."
The loss was adjusted at $800.

The insurance company defended the action brought by Crow upon the ground
that as there was on the premises other insurance to the amount of $1,250, the
plaintiff could only recover that portion of the whole loss which the $750 insur-
ance bore to the whole amount of insurance.

The plaintiff recovered judgment for the full amount of the policy, $750.

*Held,* that the judgment below was correct.

That the issuing to the mortgagor of two policies at the same time had the same
effect as though the company had issued one policy for $2,000, loss to the extent
of $750 to be payable to the mortgagee.

*Semble,* that the case would have been different had the mortgagor taken out
insurance in another company without informing the defendant of the fact.

That the object of the mortgagee clause was to protect the mortgagee; and as it
did not appear that Crow knew that Roome had secured the other policy, and
as the defendant did know this, it would not be allowed in this way to defeat
the mortgagee's claim.

EXCEPTIONS of the defendant, the Greenwich Insurance Company,
taken upon a trial had at the New York Circuit before the court
and a jury, at which a verdict was directed for the plaintiff for
$765.37, and the exceptions of the defendant were ordered to be
heard in the first instance at General Term.

*George W. Stephens,* for the plaintiff.

*Henry Galbraith Ward,* for the defendant.

LAWRENCE, J.:

On the 20th of November, 1890, the defendant, the Greenwich Insurance Company of the city of New York, issued a policy of insurance for $1,250 for three years to Madeline S. Roome, the owner of certain premises and buildings erected thereon in Rockland county, New York. On the same day the defendant issued a second policy for $750 for three years to Madeline S. Roome upon the same premises, loss, if any, payable to Ida F. Crow, mortgagee, who is the plaintiff in this action. On September 21, 1891, a fire occurred on the premises, resulting in a loss fixed and adjusted by the plaintiff and defendant at $800. This action is brought upon the second policy by the mortgagee, which policy contained a clause in the following words :

" Loss or damage, if any, under this policy, shall be payable to Ida F. Crow, as mortgagee, as interest may appear, and this insurance, as to the interest of the mortgagee only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within-described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy; provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy the mortgagee shall, on demand, pay the same.

" Provided, also, that the mortgagee shall notify this company of any change of ownership or occupancy, or increase of hazard, which shall come to the knowledge of said mortgagee, and, unless permitted by this policy, it shall be noted thereon, and the mortgagee shall, on demand, pay the premium for such increased hazard for the term of the use thereof; otherwise this policy shall be null and void.

" This company reserves the right to cancel this policy at any time, as provided by its terms, but in such case this policy shall continue in force for the benefit only of the mortgagee for ten days after notice to the mortgagee of such cancellation, and shall then cease, and this company shall have the right, on like notice, to cancel this agreement.

" In case of any other insurance upon the within-described property, this company shall not be liable under this policy for a greater

proportion of any loss or damage sustained than the sum hereby insured bears to the whole amount of insurance upon said property, issued to or held by any party or parties having an insurable interest therein, whether as owner, mortgagee or otherwise.

" Whenever this company shall pay the mortgagee any sum for loss or damage under this policy, and shall claim that, as to the mortgagor or owner, no liability therefor existed, this company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt, or may, at its option, pay to the mortgagee the whole principal due, or to grow due on the mortgage, with interest, and shall thereupon receive a full assignment and transfer of the mortgage, and of all such other securities ; but no subrogation shall impair the right of the mortgagee to recover the full amount of her claim."

We are of the opinion that the circuit judge was right in directing a verdict for the plaintiff for the sum of $750, the full amount insured by the second policy.  It seems clear that the issuing of the two policies by the defendant at the same time, constituted but one transaction, the object of which was to secure the mortgagee in the first instance, and secondly, the owner ; and that, as is claimed by plaintiff's counsel, the result was the same as though a single policy had been issued for $2,000 by the terms of which the loss to the extent of $750 was payable to the mortgagee.

After the execution of the mortgage the interest remaining in the mortgagor was an equity of redemption merely, and the only insurable interest which the mortgagor had was in that equity of redemption after the mortgage had been deducted from the value of the land.  We do not think it can be successfully argued that the defendant intended to allow. the mortgagor to take out an insurance which would jeopardize or lessen the amount agreed to be paid by the mortgagee policy in case of a loss.  If a policy of insurance had been taken out by the mortgagor on the same day in another company, without that fact being communicated to the defendant, there might be force in the argument that the defendant would be obliged to pay to the mortgagee, under its policy, only that proportion which the amount of its policy bore to the whole amount insured. But in this case, as already stated, we think the transaction is to be

regarded as one, and that the defendant, having, with full knowledge of all the facts, issued a policy by which the loss, if any, was incurred, up to the sum of $750, was payable to the mortgagee, cannot claim under the other policy contribution from itself. The object of the policy which contained the mortgagee clause was to secure to the mortgagee full indemnity, and as there is nothing to show that the mortgagee knew of the issuing of the first policy of insurance to Roome, the mortgagor, the defendant, it seems to us, cannot claim that it should be permitted to stand in the position which it would occupy in case a policy of insurance had, without its knowledge, been procured by the mortgagor from another company.

For these reasons we are of the opinion that the exceptions should be overruled, and that judgment should be ordered in favor of the plaintiff upon the verdict, with costs.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Exceptions overruled and judgment ordered in favor of plaintiff upon the verdict.